IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PRIMERICA LIFE INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION NO. 4:24-cv-00864 |
| LAFIESHA MASON, XAVIER BASS, AND ALEXUS MASON | § § § § § § | |
| Defendants. | § | |

## COMPLAINT FOR INTERPLEADER

Plaintiff Primerica Life Insurance Company ("Primerica") files this Complaint for Interpleader, and states:

## PARTIES

1. **Plaintiff.** Primerica is a Tennessee corporation with its principal place of business in Duluth, Georgia. Primerica is a citizen of Tennessee and Georgia within the meaning of 28 U.S.C. § 1332(c).

2. **Defendant LaFiesha Mason.** Defendant and claimant LaFiesha Mason ("LaFiesha") is an individual and citizen of Texas, and currently resides at 4425 Chesapeake Bay Dr., Fort Worth, Texas 76123.

3. **Defendant Alexus Mason.** Defendant and potential claimant Alexus Mason ("Alexus") is an individual and citizen of Texas, and currently resides at 4425 Chesapeake Bay Dr., Fort Worth, Texas 76123.

4. **Defendant Xavier Bass.** Defendant and claimant Xavier Bass ("Xavier") is currently incarcerated at the Tarrant County Jail and may be served with process at the Tarrant County Jail, 100 N. Lamar, Fort Worth, Texas 76196.

## JURISDICTION AND VENUE

5. **Jurisdiction.** This Court has jurisdiction under 28 U.S.C. § 1332, as there is complete diversity between Primerica, on the one hand, and LaFiesha, Xavier, and Alexus (collectively, the "Defendants"), on the other hand, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

6. **Venue.** Venue is proper in this Court under 28 U.S.C. § 1397 because this is an interpleader action and at least one of the Defendants resides in this district.

## OPERATIVE FACTS

7. **The Policy.** Primerica issued its policy no. 0488201051 (the "Policy") to Gene Bass ("Gene") under which he was provided life insurance coverage in the amount of $300,000 (the "Policy Proceeds"). Gene was the owner of the Policy, and he initially designated his mother, Eddie Bass, as the primary beneficiary of his coverage under the Policy, and LaFiesha, who at that time he described as his "daughter's mother," as the contingent beneficiary.

8. **The Beneficiary Change.** On January 31, 2015, Gene executed a Policy Change Application which, among other things, changed the primary beneficiary of his coverage under the Policy to LaFiesha, who had become his wife, and the contingent beneficiary to his son, Xavier.

9. **The Divorce.** Although Primerica did not know it at the time, on April 8, 2015, Gene and LaFiesha were divorced. Section 9.301 of the Texas Family Code provides that:

> (a) If a decree of divorce or annulment is rendered after an insured has designated the insured's spouse as a beneficiary under a life insurance policy in force at the time of rendition, a provision in the policy in favor of the insured's former spouse is not effective unless:
>
> > (1) the decree designates the insured's former spouse as the beneficiary;
> >
> > (2) the insured re-designates the former spouse as the beneficiary after rendition of the decree; or
> >
> > (3) the former spouse is designated to receive the proceeds in trust for, on behalf of, or for the benefit of a child or a dependent of either former spouse.
>
> (b) If a designation is not effective under Subsection (a), the proceeds of the policy are payable to the named alternative beneficiary or, if there is not a named alternative beneficiary, to the estate of the insured.

The divorce decree does not designate LaFiesha as the beneficiary of Gene's life insurance coverage under the Policy. Additionally, after the divorce, LaFiesha was never re-designated as the beneficiary under the Policy.

10. **Gene's Death.** On June 28, 2024, Gene died from gunshot wounds.

11. **Xavier is Accused of Killing Gene.** The Tarrant County Grand Jury indicted Xavier for killing Gene. This matter is still pending, and no criminal trial has been set.

**12.    LaFiesha and Xavier May Both be Disqualified from Receiving the Policy Proceeds.**  As referenced above, LaFiesha may be disqualified from receiving the Policy Proceeds under Section 9.301 of the Texas Family Code.  If that is the case, pursuant to the Policy's terms, Xavier, as the contingent beneficiary, would be entitled to the Policy Proceeds.  However, pursuant to Texas Estates Code § 201.058 and Texas Insurance Code § 1103.151, a designated beneficiary under a life insurance policy is disqualified from receiving the policy proceeds if the beneficiary "willfully caused the death of the insured."  Accordingly, if Xavier killed Gene, he would also be disqualified from receiving the Policy Proceeds.

**13.    Gene's Estate May be Entitled to the Policy Proceeds.**  The Policy provides for the payment of the Policy Proceeds as follows:

> BENEFICIARY – The Beneficiary's interest will end if the Beneficiary dies before the Insured.  If no primary Beneficiary is living at the Insured's death, the death proceeds will be paid to the contingent Beneficiary.  The proceeds will be paid to the Owner if the Insured dies and there is no primary or contingent Beneficiary. Proceeds will be paid to the Insured's estate if there is no living Beneficiary or Owner.

Similarly, the Texas Insurance Code and Texas Family Code also require that the Policy Proceeds be paid to the insured's estate or nearest relatives if the primary beneficiary is disqualified and there is no contingent beneficiary.  Gene did not have a will and no estate proceeding has been initiated.  However, Primerica has been advised that an estate proceeding will be initiated. At that time, Primerica will add Gene's estate as a defendant

and claimant to the lawsuit. In the meantime, Primerica has identified Alexus, Gene's daughter, as a potential claimant and heir.

14. **Primerica's Possible Multiple or Double Liability.** On or about July 9, 2024, Primerica received LaFiesha's written claim for the Policy Proceeds. However, as set forth above, Primerica has a reasonable doubt as to whom, between and among the Defendants, is entitled to the Policy Proceeds. Primerica seeks resolution of conflicting claims in good faith. Primerica is or may be exposed to double or multiple liability. Primerica has no interest whatsoever in the Policy Proceeds other than fulfilling its contractual obligation to pay the sums due to the appropriate party. Accordingly, Primerica has no independent liability to any of the Defendants and is a disinterested stakeholder in this case.

15. **Retention of Counsel.** As a result of the present controversy, Primerica had to retain the undersigned counsel and has agreed to pay attorneys' fees and costs of Court.

## CLAIMS FOR RELIEF

16. **Interpleader.** Primerica has a good faith doubt as to whom the Policy Proceeds are owed. Primerica admits its obligation to pay the Policy Proceeds but cannot pay those Policy Proceeds in the face of possible competing claims without subjecting itself to the possibility of double or multiple liability. Primerica is a disinterested stakeholder with respect to the Policy Proceeds and claims no beneficial interest therein, except for attorneys' fees and costs incurred in connection with this interpleader. Furthermore, Primerica has no independent liability to any claimant in this interpleader.

Primerica shall, upon the granting of its interpleader, pay into the Registry of the Court the Policy Proceeds, together with any legal interest due thereon through the date of the interpleader.

17. **Attorneys' Fees.** Primerica is entitled to its reasonable and necessary attorneys' fees and costs in connection with its claim for interpleader.

## PRAYER

18. **Relief Requested.** Primerica respectfully requests the following relief:

   a. That Defendants be served with process and be required to answer in the time and manner prescribed by law;

   b. That the Court grant the interpleader and accept the Policy Proceeds into its Registry;

   c. That each of the Defendants be ordered to interplead and settle among themselves their rights and claims regarding the Policy and Policy Proceeds;

   d. That upon final hearing, the Defendants, for themselves, their heirs, legal representatives, successors, and assigns, and all other persons claiming by, through, or under them, be permanently enjoined and restrained from instituting or prosecuting any proceeding in any state or United States Court against Primerica and its agents and representatives regarding the Policy and Policy Proceeds;

   e. That Primerica be awarded its reasonable attorneys' fees and costs of Court in connection with this interpleader;

   f. That Primerica, its agents and representatives be fully and finally discharged from further liability to the Defendants; and

   g. That the Court grant Primerica all such other and further relief, both general and special, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

By: /s/ Bill E. Davidoff
    Bill E. Davidoff
    State Bar No. 00790565
    bill.davidoff@figdav.com
    Attorney-in-Charge

FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, Texas 75202-3796
Tel: 214.939.2000
Fax: 214.939.2090

ATTORNEYS FOR PLAINTIFF
PRIMERICA LIFE INSURANCE COMPANY