IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PRIMERICA LIFE INSURANCE COMPANY | § § § | |
| vs. | § § | CASE NO. 4:24-CV-864-Y |
| LAFIESHA MASON, ET AL. | § § | |

**ORDER GRANTING DEFAULT JUDGMENT**

Before the Court is Plaintiff Primerica Life Insurance Company's motion (doc. 12) for entry of default judgment against Xavier Bass. Having considered the motion, the docket entries, and the applicable law, the Court concludes that the motion should be, and it is hereby, **GRANTED**.

This case arises out of an interpleader action.[1] Primerica issued a life-insurance policy insuring Gene Bass, who died on June 28, 2024, from gunshot wounds. Primerica is subject to conflicting and adverse claims to the policy proceeds and has a good-faith doubt as to who is entitled to the policy proceeds. In response, Primerica filed its interpleader complaint requesting that the Court adjudicate the conflicting claims so Primerica is not exposed to multiple liability. Despite being properly served, Bass has not filed an answer or otherwise appeared in this case,

---

[1] All recitations of fact, unless cited otherwise, are taken from Plaintiff's complaint.

ORDER GRANTING DEFAULT JUDGMENT- PAGE 1

and the clerk has entered default. Primerica now moves for default judgment against Bass.

The Court has authority to render default judgment against a party that has not timely filed a responsive pleading or otherwise defended a suit. Fed. R. Civ. P. 55(b)(2). In considering default judgment, Courts evaluate: (1) whether default judgment is procedurally warranted; (2) whether there is a sufficient basis in the pleadings to sustain the merits of a plaintiff's claims; and (3) what form of relief, if any, the plaintiff should receive. *See J & J Sports Prods., Inc. v. Morelia Mexican*, 126 F. Supp. 3d 809, 814 (N.D. Tex. 2015).

Based on Plaintiff's pleadings, the Court makes the following findings:

1. Defendant Bass has failed to answer or otherwise respond to Plaintiff's complaint despite being properly served with the complaint on October 1, 2024 (doc. 5);
2. Bass is not an infant, incompetent, or military member;
3. Plaintiff moved for the clerk of the Court to enter default against Bass according to Federal Rule of Civil Procedure 55(a) on December 16, 2024 (doc. 10);
4. The clerk of the Court entered default against Bass on December 17, 2024 (doc. 11);
5. Plaintiff has established that default judgment against Bass is warranted.

Accordingly, Plaintiff's motion for default against Bass (doc. 12) is **GRANTED.** All claims, demands, debts or causes of action that Bass could have asserted against Primerica or its agents regarding policy no. 0488201051 ("the policy") issued to Gene Bass or the insurance benefits due thereunder ("the policy proceeds") are **DISMISSED WITH PREJUDICE.** Furthermore, Primerica and its agents are fully and finally discharged of any further obligation to Bass arising from the policy or the policy proceeds. As such, Bass is enjoined and restrained from instituting or prosecuting any proceeding in any state or United States court regarding the policy or the policy proceeds, and Bass shall take nothing herein.

SIGNED April 3, 2025.

_____
TERRY R. MEANS
UNITES STATES DISTRICT JUDGE

ORDER GRANTING DEFAULT JUDGMENT- PAGE 3