IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PRIMERICA LIFE INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION NO. 4:24-CV-00864-Y |
| LAFIESHA MASON, XAVIER BASS, AND ALEXUS MASON | § § § | |
| Defendants. | § § | |

## <u>JOINT MOTION FOR ENTRY OF AGREED FINAL JUDGMENT</u>

Plaintiff Primerica Life Insurance Company ("Primerica) and Defendants LaFiesha Mason ("LaFiesha") and Alexus Mason ("Alexus") (LaFiesha and Alexus are collectively referred to as "Defendants") (Primerica and Defendants are collectively referred to as the "Parties") file this joint motion for entry of agreed final judgment and in support thereof would show the Court as follows:

## I.     <u>BACKGROUND</u>

This is an interpleader action. Primerica filed its Complaint for Interpleader ("Complaint") on September 11, 2024, asserting a claim for interpleader relief against LaFiesha, Alexus, and Xavier Bass ("Xavier"), requesting that the Court grant its interpleader claim and dismiss it with prejudice.  The Court has now entered default judgment against Xavier, and the remaining Parties have settled the dispute which, collectively, concludes this litigation.

---

## II.    NATURE OF THE CASE

1.    **The Policy.**  Primerica issued its policy no. 0488201051 (the "Policy") to Gene Bass ("Gene") under which he was provided life insurance coverage in the amount of $300,000 (the "Policy Proceeds").  Gene was the owner of the Policy, and he initially designated his mother, Eddie Bass, as the primary beneficiary of his coverage under the Policy, and LaFiesha, who at that time he described as his "daughter's mother," as the contingent beneficiary.

2.    **The Beneficiary Change.**  On January 31, 2015, Gene executed a Policy Change Application which, among other things, changed the primary beneficiary of his coverage under the Policy to LaFiesha, who had become his wife, and the contingent beneficiary to his son, Xavier.

3.    **The Divorce.** Although Primerica did not know it at the time, on April 8, 2015, Gene and LaFiesha were divorced.  Section 9.301 of the Texas Family Code provides that:

> (a)    If a decree of divorce or annulment is rendered after an insured has designated the insured's spouse as a beneficiary under a life insurance policy in force at the time of rendition, a provision in the policy in favor of the insured's former spouse is not effective unless:
>
> > (1)    the decree designates the insured's former spouse as the beneficiary;
> >
> > (2)    the insured re-designates the former spouse as the beneficiary after rendition of the decree; or
> >
> > (3)    the former spouse is designated to receive the proceeds in trust for, on behalf of, or for the benefit of a child or a dependent of either former spouse.

> (b)    If a designation is not effective under Subsection (a), the proceeds of the policy are payable to the named alternative beneficiary or, if there is not a named alternative beneficiary, to the estate of the insured.

The divorce decree does not designate LaFiesha as the beneficiary of Gene's life insurance coverage under the Policy.   Additionally, after the divorce, LaFiesha was never re-designated as the beneficiary under the Policy.

4.    **Gene's Death.**  On June 28, 2024, Gene died from gunshot wounds.

5.    **Xavier is Accused of Killing Gene.**   The Tarrant County Grand Jury indicted Xavier for killing Gene.  This matter is still pending, and no criminal trial has been set.

6.    **LaFiesha and Xavier May Both be Disqualified from Receiving the Policy Proceeds.**   As referenced above, LaFiesha may be disqualified from receiving the Policy Proceeds under Section 9.301 of the Texas Family Code.  If that is the case, pursuant to the Policy's terms, Xavier, as the contingent beneficiary, would be entitled to the Policy Proceeds.  However, pursuant to Texas Estates Code § 201.058 and Texas Insurance Code § 1103.151, a designated beneficiary under a life insurance policy is disqualified from receiving the policy proceeds if the beneficiary "willfully caused the death of the insured." Accordingly, if Xavier killed Gene, he would also be disqualified from receiving the Policy Proceeds.

7.    **Gene's Estate May be Entitled to the Policy Proceeds.**   The Policy provides for the payment of the Policy Proceeds as follows:

> BENEFICIARY – The Beneficiary's interest will end if the Beneficiary dies before the Insured.  If no primary Beneficiary

> is living at the Insured's death, the death proceeds will be paid
> to the contingent Beneficiary. The proceeds will be paid to the
> Owner if the Insured dies and there is no primary or contingent
> Beneficiary. Proceeds will be paid to the Insured's estate if
> there is no living Beneficiary or Owner.

Similarly, the Texas Insurance Code and Texas Family Code also require that the Policy Proceeds be paid to the insured's estate or nearest relatives if the primary beneficiary is disqualified and there is no contingent beneficiary. Gene did not have a will, but an estate proceeding has been initiated and Alexus has been appointed its Independent Administrator.

8. **Primerica's Possible Multiple or Double Liability.** On or about July 9, 2024, Primerica received LaFiesha's written claim for the Policy Proceeds. However, as set forth above, Primerica had a reasonable doubt as to whom, between and among the Defendants, is entitled to the Policy Proceeds. Primerica sought resolution of conflicting claims in good faith. Primerica is or may be exposed to double or multiple liability. Primerica has no interest whatsoever in the Policy Proceeds other than fulfilling its contractual obligation to pay the sums due to the appropriate party. Accordingly, Primerica has no independent liability to any of the Defendants and is a disinterested stakeholder in this case.

## III.    THE COURT'S DEFAULT JUDGMENT & SETTLEMENT

On April 3, 2025, the Court entered its Order Granting Default Judgment against Xavier. Thereafter, the Parties resolved the interpleader dispute. Based on the foregoing, there are no pending matters left for the parties or Court to resolve.

## IV.    **RELIEF REQUESTED**

For these reasons, the Parties respectfully requests that the Court enter the proposed

Agreed Final Judgment, attached hereto as Exhibit 1, dismissing this case with prejudice.

Dated: April 25, 2025                                 Respectfully submitted,

By: */s/ Bill E. Davidoff*_____
    Bill E. Davidoff
    State Bar No. 00790565
    Bill.davidoff@figdav.com

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, TX 75202
(214) 939-2000
(214) 9392090 (Fax)

**ATTORNEYS FOR PLAINTIFF**

By: */s/LaFiesha Mason*_____
    LaFiesha Mason
    *Pro Se Defendant*
    lafiesha@yahoo.com

91-3598 Nana Hope St., Unit 1420
Ewa Beach, HI 96706
Tel:  337.849.269

By: */s/Alexus Mason*_____
    Alexus Mason
    *Pro Se Defendant*
    alexusmason4@gmail.com

1380 Regatta St., Apt. 210
Fayetteville, NC 28301
Tel:  817.800.2686

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 25, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties who have appeared and registered with CM/ECF and via email to LaFiesha Mason (lafiesha@yahoo.com), 91-3598 Nana Hope St., Unit 1420, Ewa Beach, HI 96706 and Alexus Mason (alexusmason4@gmail.com), 1380 Regatta St., Apt. 210, Fayetteville, NC 28301.

*/s/ Bill E. Davidoff*
Bill E. Davidoff